UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

DAVID LABIN, individually and on behalf of
others similarly situated,

       Plaintiff,

vs.

CAROLINA HERRERA, LTD. and
SOCIEDAD TEXTIL LONIA, CORP,

       Defendants.

----------------------------------------------------------------X

Civil Case No.:

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

1.    This collective action is brought by David Labin ("Plaintiff" or "Labin"), on behalf of himself and all others similarly situated, by and through his attorneys, Brown, LLC, against Defendants Carolina Herrera, Ltd. and Sociedad Textil Lonia, Corp., to recover overtime compensation and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.    Defendants do business as "Carolina Herrera," a manufacturer and retailer of designer clothing.

3.    At all relevant times, Defendants employed "Assistant Managers," who are responsible for selling clothing in Defendants' retail stores.

4.    Plaintiff and other Assistant Managers routinely worked hours in excess of forty (40) in a workweek, but were not paid any overtime compensation, in violation of the FLSA, 29 U.S.C. § 207, which requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

5. Defendants willfully misclassified Assistant Managers as exempt from overtime pay pursuant to the FLSA's "executive exemption," *see* 29 U.S.C. § 207(a)(1); 29 C.F.R. § 541.100, despite knowing that their primary job duty—selling clothing in Defendants' retail stores—does not fall within the executive exemption any of the FLSA's exemptions to the statute's overtime pay requirements.

6. Plaintiff brings this action on behalf of himself and all similarly-situated individuals for violations of the FLSA, as an opt-in collective action under the FLSA. *See* 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has original jurisdiction to hear this Complaint and to adjudicate the claim stated hisein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq.*

8. The Court has personal jurisdiction over Defendants because Defendants reside and maintain their principal places of business in New York, New York.

9. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 because because Defendants reside and maintain their principal places of business in New York, New York.

## PARTIES

**Plaintiff**

10. Plaintiff David Labin is an adult resident of Dallas County, Texas.

11. Plaintiff was employed by Defendants as an Assistant Manager in one of their stores in Dallas, Texas from approximately August 2019 to August 2020.

12. Plaintiff typically worked approximately 42.5 - 45 hours per week, which

consisted of five shifts per week, with each shift consisting of approximately 8.5 – 9 hours of compensable work.

13. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals were, or are, employed by Defendants as Assistant Managers within three years of the date this Complaint was filed. *See* 29 U.S.C. § 255(a).

**Defendant**

14. Defendants do business as "Carolina Herrera," a manufacturer and retailer of designer clothing.

15. The website for Carolina Herrera identifies the company as based out of New York.[1]

16. Defendant Carolina Herrera, Ltd. is a Delaware business corporation with its principal place of business located at 501 7th Avenue, 17th Floor, New York, New York 10018.

17. Defendant Carolina Herrera, Ltd. has designated the following registered agent for service of process in New York: The Presentice-Hall System, Inc., 15 Columbus Circle, New York, New York, 10023.

18. Defendant Sociedad Textil Lonia, Corp. is a Delaware business corporation with its principal place of business located at 104 West 40th St., Suite 434, New York, New York 10018.

## FACTUAL ALLEGATIONS

19. Defendants' gross annual sales has been in excess of $500,000 at all relevant times.

---

[1] https://www.carolinaherrera.com/us/en/page/contactus/

20. Defendants are an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s) because they have employees engaged in commerce as well as employees handling, settling, and otherwise working on goods or materials that have been moved in or produced for commerce.

21. Defendants operate retail stores in various cities throughout the United States.

22. Defendants employ Assistant Managers, who are/were responsible for selling clothing in Defendants' retail stores.

23. Defendants suffered and permitted Assistant Managers to work more than forty (40) hours per week without overtime pay.

24. Defendants failed to pay Assistant Managers any overtime premium or any other compensation for their hours worked in excess of forty (40) in a workweek.

25. Defendants willfully misclassified Assistant Managers as exempt from overtime pay pursuant to the FLSA's "executive exemption," *see* 29 U.S.C. § 207(a)(1); 29 CFR § 541.100, despite knowing that their primary job duty—selling clothing in Defendants' retail stores—does not fall within the executive exemption any of the FLSA's exemptions to the statute's overtime pay requirements.

26. Defendants were aware, or should have been aware, that Assistant Managers were performing non-exempt work that required payment of overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

28. Plaintiff files this action on behalf of himself and all similarly situated individuals. The proposed FLSA Collective is defined as follows:

> All persons who were employed by Defendants as Assistant Managers at any time from three years prior to the filing of this Complaint through the date of judgment.

29. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit 1. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

30. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked hours in excess of forty (40) in a workweek without receiving any overtime premium or any other compensation for such hours.

31. Defendants willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, misclassifying FLSA Collective members as exempt from overtime and failing to pay them overtime compensation. *See* 29 U.S.C. § 255.

32. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and other members of the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous members of the FLSA Collective who have suffered from the Defendants' practice of denying overtime pay to Assistant Managers and similar positions who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant, and are readily identifiable through its records.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
**(on behalf of Plaintiff and the FLSA Collective)**

33. Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

34. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

35. Defendants suffered and permitted Plaintiff and the FLSA Collective to routinely work hours in excess of forty (40) in a workweek without receiving any overtime compensation.

36. Defendants' actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective members for overtime hours in accordance with the FLSA.

37. Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals overtime compensation in violation of the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

38. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective have suffered a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to unpaid overtime compensation as well as liquidated damages and attorney's fees and costs incurred in connection with this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and those similarly situated, prays for judgment against Defendants as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C. Judgment against Defendants for violation of the overtime provisions of the FLSA;

D. Judgment that Defendants' violations of the FLSA were willful;

E. An award to Plaintiff and those similarly situated in the amount of unpaid wages owed and liquidated damages;

F. An award of prejudgment interest (to the extent liquidated damages are not awarded);

G. An award of reasonable attorneys' fees and costs; and

H. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.


Dated: July 8, 2021

          RESPECTFULLY SUBMITTED,

By: /s/ Jason T. Brown
Jason T. Brown (NY Bar # 4389854)
Nicholas Conlon (NY Bar # 801616)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Attorneys for Plaintiff*