UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

DAVID LABIN**,** individually and on behalf of others similarly situated,

    Plaintiff,

vs.

SOCIEDAD TEXTIL LONIA, CORP,

    Defendant.

---------------------------------------------------------------X

Civil Case No.: 1:21-cv-05870-LJL

# **FIRST AMENDED[1] COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

1. This collective action is brought by David Labin ("Plaintiff" or "Labin"), on behalf of himself and all others similarly situated, by and through his attorneys, Brown, LLC, against Defendant Sociedad Textil Lonia, Corp., to recover overtime compensation and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Defendant does business as "Carolina Herrera," a manufacturer and retailer of designer clothing.

3. At all relevant times, Defendant employed "Assistant Managers," who are responsible for selling clothing in Defendant's retail stores.

4. Plaintiff and other Assistant Managers routinely worked hours in excess of forty (40) in a workweek, but were not paid any overtime compensation, in violation of the FLSA, 29 U.S.C. § 207, which requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

---

[1] Amended with the written consent of Defendant Sociedad Textil Lonia, Corp. and former defendant Carolina Herrera, Ltd., pursuant to Fed. R. Civ. P. 15(a)(2).

5.      Defendant willfully misclassified Assistant Managers as exempt from overtime pay pursuant to the FLSA's "executive exemption," *see* 29 U.S.C. § 207(a)(1); 29 C.F.R. § 541.100, despite knowing that their primary job duty—selling clothing in Defendant's retail stores—does not fall within the executive exemption any of the FLSA's exemptions to the statute's overtime pay requirements.

6.      Plaintiff brings this action on behalf of himself and all similarly-situated individuals for violations of the FLSA, as an opt-in collective action under the FLSA.  *See* 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claim stated hisein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq.*

8.      The Court has personal jurisdiction over Defendant because Defendant resides and maintains its principal places of business in New York, New York.

9.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 because because Defendant resides and maintains its principal places of business in New York, New York.

## PARTIES

**Plaintiff**

10.     Plaintiff David Labin is an adult resident of Dallas County, Texas.

11.     Plaintiff was employed by Defendant as an Assistant Manager in one of their stores in Dallas, Texas from approximately August 2019 to August 2020.

12.     Plaintiff typically worked approximately 42.5 - 45 hours per week, which consisted of five shifts per week, with each shift consisting of approximately 8.5 – 9 hours of compensable

work.

13. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals were, or are, employed by Defendant as Assistant Managers within three years of the date this Complaint was filed. *See* 29 U.S.C. § 255(a).

**Defendant**

14. Defendant does business as "Carolina Herrera," a manufacturer and retailer of designer clothing.

15. Defendant Sociedad Textil Lonia, Corp. is a Delaware business corporation with its principal place of business located at 104 West 40th St., Suite 434, New York, New York 10018.

## FACTUAL ALLEGATIONS

16. Defendant's gross annual sales has been in excess of $500,000 at all relevant times.

17. Defendant is an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s) because they have employees engaged in commerce as well as employees handling, settling, and otherwise working on goods or materials that have been moved in or produced for commerce.

18. Defendant operates retail stores in various cities throughout the United States.

19. Defendant employs Assistant Managers, who are/were responsible for selling clothing in Defendant's retail stores.

20. Defendant suffered and permitted Assistant Managers to work more than forty (40) hours per week without overtime pay.

21. Defendant failed to pay Assistant Managers any overtime premium or any other compensation for their hours worked in excess of forty (40) in a workweek.

22. Defendant willfully misclassified Assistant Managers as exempt from overtime pay pursuant to the FLSA's "executive exemption," *see* 29 U.S.C. § 207(a)(1); 29 CFR § 541.100, despite knowing that their primary job duty—selling clothing in Defendant's retail stores—does not fall within the executive exemption any of the FLSA's exemptions to the statute's overtime pay requirements.

23. Defendant was aware, or should have been aware, that Assistant Managers were performing non-exempt work that required payment of overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

25. Plaintiff files this action on behalf of himself and all similarly situated individuals. The proposed FLSA Collective is defined as follows:

> All persons who were employed by Defendant as Assistant Managers at any time from three years prior to the filing of this Complaint through the date of judgment.

26. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form was filed with his original complaint. (ECF No. 1-2) As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

27. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked hours in excess of forty (40) in a workweek without receiving any overtime premium or any other compensation for such hours.

28.     Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, misclassifying FLSA Collective members as exempt from overtime and failing to pay them overtime compensation.  *See* 29 U.S.C. § 255.

29.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and other members of the FLSA Collective.  Accordingly, notice should be sent to the FLSA Collective.  There are numerous members of the FLSA Collective who have suffered from the Defendant's practice of denying overtime pay to Assistant Managers and similar positions who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendant, and are readily identifiable through its records.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
**(on behalf of Plaintiff and the FLSA Collective)**

30.     Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

31.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

32.     Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work hours in excess of forty (40) in a workweek without receiving any overtime compensation.

33.     Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective members for overtime hours in accordance with the FLSA.

34. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to unpaid overtime compensation as well as liquidated damages and attorney's fees and costs incurred in connection with this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and those similarly situated, prays for judgment against Defendant as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C. Judgment against Defendant for violation of the overtime provisions of the FLSA;

D. Judgment that Defendant's violations of the FLSA were willful;

E. An award to Plaintiff and those similarly situated in the amount of unpaid wages owed and liquidated damages;

F. An award of prejudgment interest (to the extent liquidated damages are not awarded);

G. An award of reasonable attorneys' fees and costs; and

H. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.

Dated: August 10, 2021

                          RESPECTFULLY SUBMITTED,

By:  /s/ Nicholas Conlon
      Nicholas Conlon (NY Bar # 801616)
      Jason T. Brown (NY Bar # 4389854)
      BROWN, LLC
      111 Town Square Place, Suite 400
      Jersey City, NJ 07310
      T: (877) 561-0000
      F: (855) 582-5297
      nicholasconlon@jtblawgroup.com
      jtb@jtblawgroup.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on August 10, 2021, I served the foregoing paper via e-mail on counsel for Defendant Sociedad Textil Lonia, Corp. and former defendant Carolina Herrera, Ltd.

By:   /s Nicholas Conlon<br>Nicholas Conlon